CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
May 29, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KEITH RICE, | ) |
| Plaintiff, | ) Civil Action No. 7:24cv00200 |
| v. | ) **MEMORANDUM OPINION** |
| MAJOR KILGORE, *et al.*, | ) By: Hon. Thomas T. Cullen |
| | ) United States District Judge |
| Defendants. | ) |

Plaintiff Keith Rice, a Virginia inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, alleging that he was subjected to cruel and unusual living conditions at the Southwest Virginia Regional Jail Authority's ("SWVRJA") Abingdon facility. Rice seeks leave to proceed *in forma pauperis* with this action. Having reviewed Rice's submissions, the court grants his request to proceed *in forma pauperis* but concludes that Rice's allegations fail to state a cognizable § 1983 claim against the named defendants. Accordingly, the court will dismiss the complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.

Rice alleges that he was housed in protective custody for six months because he feared for his safety and, during that time, he has not been charged with any disciplinary infractions. He argues that, while in protective custody, he has no access to "messages," a telephone, library, recreation, commissary, or "programs," while others in the "outside world" have access to these privileges. (Compl. at 4 [ECF No. 1].) Rice claims that he is "being punished" because he fears for his safety. (*Id.*) Rice seeks $1 million in damages "or" that the jail be "fixed" so that other people's rights are not violated. (*Id.* at 5.)

The defendants' names appear only in the caption of the complaint and Rice does not allege any facts against the defendants. By order entered April 30, 2024, the court conditionally filed this action and advised Rice that his complaint failed to state a viable § 1983 claim against any of the named defendants. The court gave Rice the opportunity to file an amended complaint and advised him that if he did not file an amended complaint within the time allotted, the court would assume that he stood on his original complaint and waived his right to amend. The court warned Rice that failure to amend the complaint may result in dismissal of his complaint. Rice did not file an amended complaint.

## II.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "Factual allegations must be enough to raise a right to relief above the speculative level," with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Additionally, liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

The Eighth Amendment protects prisoners from cruel and unusual living conditions. *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1991). The Constitution does not mandate comfortable prisons, but neither does it allow inhumane ones. *Id.*; *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Prison officials must provide humane conditions of confinement, including adequate food, clothing, shelter, and medical care, and also must take reasonable measures to

ensure the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). "To make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (internal quotations and citations omitted).

Despite being given the opportunity to amend his complaint, Rice fails to allege any fact against any of the named defendants and, thus, the court cannot determine that the defendants were involved at all in allegedly violating his federal rights.[1] Accordingly, the court will dismiss this action under § 1915(e)(2)(B)(ii) for failure to state a claim.

The Clerk is directed to forward copies of this Memorandum Opinion and the accompanying Order to Rice.

**ENTERED** this 29th day of May, 2024.

/s/ *Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[1] Rice does not name the institution or governing jail authority as a defendant, meaning any potential claim under *Monell v. Department of Social Services of the City of New York* has not been pursued. *See* 436 U.S. 658, 690 (1978) ("Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executed a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.").